IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3151 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH R. BRO, and LINDA R. BRO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Pursuant to the parties' consent, pending before me is the motion to dismiss filed by the defendants, Kenneth R. Bro and Linda R. Bro (the "Bros").[1]  Filing 13.  The defendants claim this action should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because a parallel action between the same parties is already pending in a Missouri court.

The issue raised by defendants' motion is whether this court should exercise jurisdiction over the action brought by the plaintiff, Zurich American Insurance ("Zurich"), seeking declaratory relief on an insurance coverage issue.  The Bros previously litigated a personal injury action against Steve Kinder, an employee of A.T. Industrial Sheet Metal, Inc., in the United States District Court for the Western District of Missouri.  A.T. Industrial was insured under a Commercial General Liability Policy issued by Zurich.  The Bros obtained a judgment against Kinder and have agreed to collect that judgment from only the proceeds of the Zurich insurance policy.  See filing 13, exs.

---

[1]See filing 22, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference," and 28 U.S.C. § 636(c).

C (Judgment) and D (Demand Letter), p. 18 ("Contract to Limit Recovery to Specified Assets").[2]

At the outset of the Bros' personal injury lawsuit, Kinder sent Zurich a copy of the summons and petition filed against him and requested defense and indemnification under the Zurich policy. The demand was sent to Zurich's claims office in Kansas City, Missouri. A claims representative within that office responded with letters stating no coverage was available to Kinder under the Zurich policy. Zurich refused to provide Kinder with coverage for the accident or a defense in the lawsuit. See filing 13, exs. A & B (Denial of Coverage letters--July 19, 2004 and August 23, 2004). Zurich's claim pending in this forum alleges the Zurich policy provides no coverage for payment of the Bros' judgment against Kinder.

The Bros are residents of Lincoln, Nebraska. Kinder is a resident of Parker, Kansas, which is located approximately 65 miles southwest of Kansas City, Missouri. Kenneth Bro's personal injury accident occurred at the Ford Motor Company--Kansas City Assembly Plant in Claycomo, Clay County, Missouri. The Bros' lawsuit against Kinder was filed in the Circuit Court of Clay County, Missouri. Clay County, Missouri is adjacent to and encompasses a portion of Kansas City, Missouri. The case was removed to the Kansas City, Missouri location of the United States District Court for the Western District of Missouri. All

---

[2]Counsel for the defendants are cautioned that under this court's local rules, submitting the motion and brief with attached supporting evidence as a single filing is improper, and in future cases, the court may strike such improperly filed evidence from the record. See NECivR 7.1(a)(2)(B). For the purposes of this case, however, the court did not strike the evidence and has considered the evidence attached to the defendants' brief in ruling on their motion to dismiss.

parties were represented by counsel located in or near Kansas City, Missouri.

United States District Judge Howard Sachs entered a judgment in favor of the Bros and against Kinder on January 31, 2006. Counsel for the Bros sent a letter to Zurich's Kansas City claims department on April 20, 2006 demanding that Zurich pay the judgment against Kinder. See filing 13, ex D (Demand Letter). The letter informed Zurich that the Bros' judgment against Kinder had been registered in the Circuit Court of Clay County, Missouri on April 11, 2006, and that the Bros intended to file a Petition for Equitable Garnishment (a copy of which was attached to the demand letter) against Zurich if Zurich did not agree to pay the judgment. See filing 13, ex D (Demand Letter), p. 2. No such agreement was reached. Counsel for the Bros filed a Petition for Equitable Garnishment against Zurich in the Circuit Court of Clay County, Missouri on June 1, 2006. See filing 13, ex E (Petition for Equitable Garnishment). The petition requested that judgment be entered against Zurich in the amount of the judgment debt owed by Kinder to the Bros. There is no evidence of record stating when the Petition for Equitable Garnishment was served on Zurich.

Zurich filed its complaint for declaratory relief in this forum on June 22, 2006. The complaint "seeks a declaration that a policy of insurance issued to A T Industries, Inc. ("ATI") does not provide coverage to Steve Kinder, an ATI employee, for a judgment entered against him" and in favor of the Bros by the United States District Court for the Western District of Missouri. Filing 6 (Amended Complaint), ¶ 2.

The lawsuits now pending in this court and in the Circuit Court of Clay County, Missouri are parallel proceedings involving

3

the same parties.  The issue in both cases is whether the Zurich insurance policy issued to A.T. Industries provides coverage for the accident caused by Kinder and injuring the Bros.  "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"  <u>Northwest Airlines, Inc. v. American Airlines, Inc</u>., 989 F.2d 1002, 1005 (8th Cir. 1993)(quoting <u>Orthmann v. Apple River Campground Inc.</u>, 765 F.2d 119, 121 (8th Cir. 1985)).  The first-filed rule must be applied in a manner best serving the interests of justice.  It is not rigid, mechanical, or inflexible, but in the absence of some compelling circumstances, the court should adhere to the first-filed rule.  <u>Northwest Airlines, Inc</u>., 989 F.2d at 1005.

The Bros' Petition for Equitable Garnishment filed in the Missouri court was filed first.  Therefore, absent compelling circumstances, the case should proceed in the Missouri forum and be dismissed in this forum.  Moreover, even if Zurich had filed its claim first, compelling circumstances would justify dismissal of this case in deference to the Missouri forum.

Factors to be considered in determining whether compelling circumstances exist include:  (1) whether the first-filed suit was filed after the other party gave notice of its intention to sue; (2) whether the first-filed suit is for declaratory judgment, rather than for damages or equitable relief, suggesting a "race to the courthouse" in an attempt to preempt the natural plaintiff from choosing the forum; 3) the period of time from the date the first-filer received notice of a possible lawsuit by the natural plaintiff to filing of the first-filer's lawsuit; 4) the failure of the first-filer to allege that the natural plaintiff's claims may have an adverse effect on the first-filer; 5) evidence

4

that the natural plaintiff relied on the first-filer's promise or indication that it would not sue, only to be later surprised by service of the first-filer's complaint; and 6) which forum can prompt the courts' interest in the just and speedy adjudication of the parties' dispute. Schwendiman Partners, LLC v. Hurt, 71 F. Supp. 2d 983, 988 (D.Neb. 1999)(collecting and summarizing Eighth Circuit law).

Based on the record, I conclude that of these factors, Zurich's prior notice of the Bros' intent to pursue litigation in Missouri, the fact that the declaratory relief it seeks in this forum will essentially resolve the litigation in Missouri, and courts' interests in a just, timely, efficient, and cost-effective resolution of the case, warrant dismissal of this case irrespective of which suit was filed first.

1.   Notice of Intent to Sue.

Two months before Zurich filed its action for declaratory relief in this forum, the Bros sent a settlement demand to Zurich. The demand informed Zurich that the Bros' Petition for Equitable Garnishment would be filed in the Missouri forum if Zurich did not respond to their coverage demand. The copy of the Petition included with the demand should have notified Zurich that the Bros were not making idle threats and were serious about pursuing litigation. The case was not settled, and the Bros filed their Petition approximately six weeks later. Even assuming Zurich was not served with the Petition before it filed its lawsuit in this forum,[3] it was certainly aware that the Bros'

---

[3]Zurich's brief states:

Unbeknownst to Zurich, on June 1, 2006, the Bros filed a Petition for Equitable Garnishment against Zurich, filing in Clay County Circuit Court, Missouri. The

would file a lawsuit in Missouri if Zurich refused to negotiate in response to their settlement demand.[4]  The Bros' reasonable pre-litigation attempts at settlement should not serve to divest them of the right to choose a forum.

> As a matter of public policy, potential plaintiffs should be encouraged to settle their claims out of court without fear that they will lose the opportunity to pick their forum should the negotiations fail. . . . The Court should encourage good faith settlement negotiations rather than rushing to the courthouse, and application of the first-filed rule should not penalize parties for their efforts to settle matters out of court.

Schwendiman, 71 F. Supp. 2d at 988 (internal citations and quotation marks omitted).

I conclude Zurich knew or should have known that the Bros' lawsuit would be filed in a Missouri forum.  The lawsuit in this forum reflects Zurich's attempt to undermine the Bros' choice of forum by filing suit while the Bros pursued settlement.  Even assuming Zurich won the "race to the courthouse," such conduct cannot be rewarded.

---

> Bros did not effect service until July 5, 2006.  Zurich removed the Missouri state action to the United States District Court for the Western District of Missouri on August 3, 2006.

Filing 21, (Zurich brief), p. 2.  There is no evidence of record to support these statements.

[4]Though also not established by the evidence, it appears Zurich never responded to the Bros' settlement demand.  If that is the case, the Bros' delay in filing and perhaps serving the action was possibly caused, at least in part, by the fact that they waited for a response from Zurich.

6

2.   <u>Actions Seeking Declaratory Relief</u>.

The fact that Zurich's action seeks declaratory relief "merits a closer look, as such an action may be more indicative of a preemptive strike than a suit for damages or equitable relief." <u>Northwest Airlines</u>, 989 F.2d at 1007.  A "red flag" is raised when an insurer files an action seeking only declaratory relief, and the relief requested would wholly undermine a plaintiff's action for monetary relief filed in a different forum.  <u>Northwest Airlines</u>, 989 F.2d at 1007 (citing <u>United States Fire Insurance Co. v. Goodyear Tire & Rubber Co.</u>, 920 F.2d 487, 488-89 (8th Cir. 1990)).  The court must consider whether the insurer's motive in filing a separate action was to avoid litigating the underlying controversy in the plaintiff's forum of choice.  <u>Goodyear Tire</u>, 920 F.2d at 489.

The Bros' personal injury suit was litigated in a Missouri forum, and their Petition for Equitable Garnishment to collect on that judgment is based on Missouri law.  The named insured on the Zurich policy, A.T. Industries, and the broker who sold it the policy, are located in Kansas City, Missouri.  See filing 6 (Amended Complaint), ex. A (Zurich insurance policy).  The Bros allege the Zurich policy provided Kinder with commercial liability coverage for a work-related accident occurring at an A.T. Industries work site located near Kansas City, Missouri.  Other than the fact that the Bros live in Nebraska, and the fact that Zurich transacts some business in this state, the record does not reveal how Nebraska is connected to this case.  Based on the evidence before me, it appears Zurich wanted to litigate the coverage issue in a non-Missouri forum and chose Nebraska because the venue requirements of 28 U.S.C. § 1391(a) could be met.  It is difficult to envision any other motive for Zurich's decision

7

to file its suit for declaratory relief in Nebraska rather than litigating the coverage dispute in Missouri.

    3.    <u>Just and Speedy Resolution of the Case</u>.

Other than the Bros, who want to pursue their action in Missouri, the persons familiar with this case and the documents related to this case are all located in and near Kansas City, Missouri.  The attorneys involved in the Bros' underlying personal injury action are located in Kansas City, Missouri.  The insurance broker who sold the Zurich policy and the Zurich claims department that denied Kinder's request for a defense and coverage are located Kansas City, Missouri.  Zurich's counsel in this forum is located in both Nebraska and Kansas City, Missouri. Zurich's brief states that it removed the Missouri state action to the United States District Court for the Western District of Missouri--the forum that entered the judgment underlying the Bros' Petition for Equitable Garnishment.  Though the Bros live in Nebraska, and Nebraska therefore arguably has an interest in assuring they collect on their judgment, the Missouri state and federal courts have an interest in assuring that judgments entered by their courts are enforced.  The Bros' pending Petition for Equitable Garnishment seeks to enforce the Missouri federal judgment pursuant to Missouri statutory law.  See filing 13, ex E (Petition for Equitable Garnishment), ¶¶ 9-10 (seeking recovery "by way of equitable judgment pursuant to § 379.200, RSMo 1994").)

Dismissal of this action will not delay resolution of the parties' dispute.  Zurich's brief states the Missouri lawsuit was removed to the United States District Court for the Western District of Missouri on August 3, 2006.  The Bros were served

8

with the action in this forum only five weeks earlier, on June 26, 2006. See filings 9 and 10. Since that time, the parties have litigated this motion to dismiss and a scheduling order was entered, but other than the parties' very recent exchange of initial disclosures, (see filings 31 and 32), no formal discovery has occurred. The litigation in this forum is at its initial stages, and what has occurred is readily adaptable to continued litigation Missouri's federal court.

   Zurich claims their suit should not be dismissed because it can be consolidated with the Missouri lawsuit. Assuming this court ordered consolidation, for all the reasons previously described, this case would likely be transferred to the United States District Court for the Western District of Missouri for consolidation with that action. Moreover, consolidation is unwarranted. Nothing is gained by consolidating the pending cases because the same coverage issue between the same parties regarding the same policy lies at the heart of the litigation already pending in Missouri.

   To summarize, the Bros' parallel action in Missouri was filed first and, accordingly, absent compelling circumstances, this action should be dismissed under the first-filed rule. Even assuming the Bros' failure to serve Zurich before it filed this case has any bearing on the application of the first-filed rule, the compelling circumstances in this case weigh against Zurich and in favor of dismissal. Zurich was notified of Bro's intent to file a lawsuit in Missouri seeking monetary relief under the A.T. Industries policy and responded by filing a declaratory action in this forum. The Missouri forum is at least equally capable of resolving the issues raised by the parties, and likely more capable of doing so in an efficient and cost-effective

manner since it is familiar with the underlying personal injury action, the parties' counsel are located in Kansas City, Missouri, and Missouri law applies to at least part, if not all, of the claims alleged.

   IT THEREFORE HEREBY IS ORDERED:  The defendants' motion to dismiss, filing 13, is granted.

   DATED this 7th day of September, 2006.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge